IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. CCB-21-294** |
| | * | |
| **RYAN FARACE and** | * | |
| **JOSEPH FARACE** | * | |
| | * | |
| **Defendants.** | * | |

\*\*\*\*\*\*\*

## CONSENT MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

Comes now the United States of America, by and through its counsel, Erek L. Barron, the United States Attorney for the District of Maryland, and Coreen Mao, Assistant United States Attorney for said district, and with the consent of counsel for the Defendants, respectfully submits this Consent Motion to Exclude Time Under the Speedy Trial Act.

1. On August 3, 2021, a one-count indictment was returned against the Defendants, Ryan and Joseph Farace, for Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). ECF No. 1.

2. On October 8 (Ryan) and October 6 (Joseph), 2021, the Defendants had their initial appearances and Ryan Farace further entered a plea of not guilty. ECF Nos. 11, 17, 18.

3. The most recent motion filed with the Court on June 28, 2022 confirmed that voluminous discovery had been provided and requested 60 additional days for the parties to determine if the case could be resolved short of a trial. ECF No. 41. The Court approved the request for additional time and ordered that time through July 25, 2022 be excluded from computing the time in which the Defendants' trial shall commence under the Speedy Trial Act. ECF No. 43.

4. The Speedy Trial Act provides that the trial of the Defendant shall commence within seventy days "from the filing date (and making public) of the information or indictment, or

from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date occurs last." 18 U.S.C. § 3161(c)(1). However, pursuant to 18 U.S.C. § 3161(h)(7)(A), any delay resulting from a continuance is excluded for speedy trial purposes if the continuance is based on a finding that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial.

5. The circumstances of this case require a continuance under the Speedy Trial Act. Here, discovery was voluminous. Further, as a result of the COVID-19 pandemic, it has been especially difficult for defense counsel to review discovery with their clients—particularly defendants who are incarcerated pending trial. In addition to the time needed for defendants and counsel to review discovery, the parties continue to discuss whether a resolution of this matter can be reached short of a trial.

6. Defendants' counsel, David Walsh Little (for Ryan Farace) and Gerald Ruter (for Joseph Farace) consent to the Speedy Trial Act exclusion requested by this motion.

WHEREFORE, with the consent of counsel for the Defendants and pursuant to 18 U.S.C. § 3161(h)(6) and (7)(A), counsel for the Government requests that the Court exclude all time from July 25, 2022 through September 8, 2022, under the Speedy Trial Act.

Respectfully submitted,

Erek L. Barron
United States Attorney

/s/
Coreen Mao
Assistant United States Attorney
6500 Cherrywood Lane, Suite 200
Greenbelt, Maryland 20770
Phone: (301) 344-0112
Fax: (301) 344-4516
Coreen.Mao@usdoj.gov